IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL VAUGHN,<br>        Plaintiff,<br><br>v.<br><br>JOHN DOE 1-10, et al.,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:25-CV-3284-G-BW<br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant HD Carrier, LLC's ("HD Carrier")

Motion to Set Aside Entry of Default filed on June 17, 2026. (Dkt. No. 31

("Motion" or "Mot.").)   For the reasons explained below, the undersigned

**RECOMMENDS** that the Motion (Dkt. No. 31) be **GRANTED**.

### I.  BACKGROUND

Plaintiff Samuel Vaughn, proceeding pro se, filed this action on December 1,

2025, against unknown entities based on alleged violations of the Telephone

Consumer Protection Act ("TCPA").  (*See* Dkt. No. 3 ("Compl.").)   On May 14,

2026, Vaugh filed a First Amended Complaint naming HD Carrier and EON

Telecom Inc. d/b/a RTE Edge ("EON Telecom") as Defendants.  (*See* Dkt. No. 17

("1st Am. Compl.").)

---

[1] This pro se case was automatically referred to the undersigned magistrate judge
pursuant to Special Order 3-251.  (Dkt. No. 1.)

The Clerk issued summonses for both EON Telecom and HD Carrier on May 15, 2026.  (*See* Dkt. No. 20.)  The Court's docket indicates that HD Carrier was served on May 20, 2026 (*see* ECF No. 23), and therefore, its deadline to respond to Vaughn's amended complaint was June 10, 2026.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer or otherwise respond to the summons and complaint within 21 days after being served with the summons and complaint).

On June 10, 2026, Defendant EON Telecom and Vaughn filed a joint stipulation extending EON Telecom's deadline to answer, move, or otherwise respond to the First Amended Complaint to June 30, 2026.  (*See* Dkt. No. 24.) Defendant HD Carrier was not included in that stipulation.  (*See id.*)  On June 11, 2026, Vaughn filed a Request for Clerk's Entry of Default as to HD Carrier.  (Dkt. No. 26.)  HD Carrier filed its response in opposition on the same day.  (Dkt. No. 27.) In its response, HD Carrier explains that it had communicated with counsel for EON Telecom on June 9, 2026, and understood that an agreement had been reached with Vaughn to extend by stipulation both defendants' deadlines to respond to the amended complaint.  (*See id.*)  HD Carrier's understanding is supported by an email dated June 9, 2026, from Mario Iskander, counsel for Defendant EON Telecom, to Lauren Coppola, counsel for HD Carrier, wherein Mr. Iskander stated, "I was able to negotiate a 21[-]day stipulation for both parties." (Dkt. No. 27-1.)  In further support, HD Carrier submits a declaration from Mr. Iskander (Dkt. No. 27-2)

explaining the series of events leading up to the filing of the stipulation only as to EON Telecom and not HD Carrier:

> HD Carrier's failure to respond to the First Amended Complaint by the original deadline was not the product of willfulness or an intent to delay. It resulted from the oral extension agreement I reached with Plaintiff, the contemporaneous transition in HD Carrier's representation, and my understanding that HD Carrier's incoming counsel would document HD Carrier's extension directly with Plaintiff.

(Dkt. No. 27-2 ¶ 10.) The declaration goes on to state that Plaintiff "himself agreed to the extension and agreed to withdraw his request for entry of default[.]" (*Id.*)

In reply, Vaughn reiterates the basis for his claims and stands by his request for clerk's entry of default, arguing that HD Carrier's response "attempts to excuse a clear procedural default by shifting blame to co-defendant's counsel and baselessly characterizing Plaintiff's statutory enforcement efforts as "extortion." (Dkt. No. 29.)

On June 17, 2026, HD Carrier filed the present Motion (Dkt. No. 31) and appendix in support (Dkt. No. 32), again providing the same facts and supporting evidence outlined above. Vaughn filed a response in opposition on the same day. (Dkt. No. 33.) HD Carrier filed its reply on June 22. (Dkt. No. 34.) Although the clerk has made an entry of default (*see* Dkt. No. 30), Vaughn has not moved for, nor has the Court entered, a default judgment.

## II.  LEGAL STANDARDS AND ANALYSIS

Rule 55 mandates entry of default by the clerk when a party against whom relief is sought "has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). That same rule authorizes a court to set aside an entry of default "for good cause."

-3-

Fed. R. Civ. P. 55(c).  "'Good cause' is interpreted liberally in the context of Rule 55(c)." *Hutchinson v. Com. Recovery Sys., Inc.*, No. 3:13-CV-1266-D, 2013 WL 2367771, at *1 (N.D. Tex. May 30, 2013); *see also Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991).

When assessing whether to set aside an entry of default, courts consider: (1) whether the party's failure to act was willful, (2) whether plaintiff would be prejudiced, (3) whether the defendant has presented a meritorious defense to the claims asserted, and (4) whether the defendant acted promptly to correct the default. *Hutchinson*, 2013 WL 2367771, at *1.  These factors are not exclusive.  *See Wise v. AutoNation, Inc.*, No. 4:18-CV-44-ALM-CAN, 2018 WL 4630204, at *1 (E.D. Tex. May 22, 2018).  A court also considers whether the defaulting party "acted expeditiously" to cure the default.  *Id*. (citation omitted).  If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments.  *See Rogers v. Hartford Life & Accident Ins. Co.*, 167

F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party." (internal quotations and citations omitted)).

The record before the Court demonstrates that HD Carrier's failure to file an answer or otherwise respond timely was the result of a reasonable but mistaken belief that it would be included in the joint stipulation to extend deadlines filed by EON Telecom on June 10, 2026. (Dkt. No. 24.) A miscommunication between the defendants leading to confusion about deadlines or about who would be responding on behalf of whom is, at most, excusable neglect that weighs against default. *See AAR Supply Chain Inc. v. N & P Enters., LLC*, No. 3:16-CV-2973-L, 2017 WL 5626356, at *2 (N.D. Tex. Nov. 22, 2017); *MetroPCS v. PC-Wiz Corp.*, No. 3:16-cv-00442, 2017 WL 131696, at *4 (N.D. Tex. Jan. 13, 2017). Notwithstanding the mistake, HD Carrier acted expeditiously to cure the default. Accordingly, the undersigned determines that, under these circumstances, HD Carrier's failure to respond was not willful.

HD Carrier contends, and the undersigned agrees, that Vaughn will not suffer legal prejudice if the entry of default is set aside. (*See* Mot. at 6.) "[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. "Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* at 293. In this case,

less than one week has elapsed since HD Carrier's original response deadline.  This case is still in the earliest stages, and no discovery has commenced.  Moreover, Vaughn's alleged damages will not be altered, he will not suffer additional damages, and he would still be in the same position as he is now if the entry of default were set aside.

Finally, HD Carrier argues that it has a meritorious defense.  (*See* Mot. at 6-7.) A meritorious defense exists when "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *Scott v. Carpazano*, 556 F. App'x 288, 296 (5th Cir. 2014).  "This generally requires that the defendant provide definite factual allegations, as opposed to mere legal conclusions, in support of [its] defense."  *Id*. (internal quotations omitted).  A defendant need not, however, show a likelihood of success on the merits to establish a meritorious defense.  Rather, allegations are sufficient if they contain "even a hint of a suggestion" which, if proved at trial, would constitute a complete defense.  *J&J Sports Prods., Inc. v. Moso Ventures, Inc.*, No. 3:11-cv-01767, 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012), *adopted*, 2012 WL 3846514 (N.D. Tex. Sept. 5, 2012).

Here, HD Carrier argues that it is merely a "wholesale number provider," and Vaughn's allegations are pleaded "upon information and belief" and based only on conclusory labels that do not substitute for factual allegations sufficient to establish knowledge, intent, or participation in any illegal scheme.  (*See* Mot. at 7.)  Without ruling on the merits of the parties' claims and defenses, the undersigned determines that HD Carrier has presented a meritorious defense to Vaughn's claims.

Accordingly, HD Carrier has met its burden of establishing good cause to set aside the clerk's entry of default against it.  Moreover, the drastic remedy of default judgment is not warranted in light of HD Carrier's mere failure to comply with a procedural time requirement.  *Joe Hand Promotions, Inc. v. Thibodeaux's Authentic Cajun Cookin LLC*, No. 3:19-CV-1633-S, 2019 WL 5790112, at *1 (N.D. Tex. Nov. 5, 2019) (quoting *Lacy*, 227 F.3d at 292).

## IV.  RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Defendant HD Carrier's Motion to Set Aside the Entry of Default (Dkt. No. 31) be **GRANTED**.

**SO RECOMMENDED** on June 22, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).